1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10   GORDON E. DUNFEE, et al.,                    Civil No.    12-cv-1925-BEN (DHB)

11                           Plaintiffs,
                                                 **ORDER DENYING PLAINTIFFS'**
12              v.                                **REQUEST FOR EXTENSION OF**
                                                 **DISCOVERY CUTOFF**
13   TRUMAN CAPITAL ADVISORS, LP,
     et al.,

14                           Defendants.

15

16        On September 27, 2013, Plaintiffs filed a document entitled "Plaintiffs' Notice of

17   Motions and Motions to Quash the Subpoena for the Hurwitz Deposition and to Extend the

18   Discovery Cut Off Dates." (ECF No. 40.) On September 30, 2013, the Court issued an order

19   advising Plaintiffs that their motion to continue the discovery cut-off should have been filed

20   as a separate joint motion by the parties. (ECF No. 41.)  The Court construed Plaintiffs'

21   request for a continuance of the discovery cut-off as an *ex parte* application to continue the

22   discovery cut-off. (*Id.*)  Defendants were ordered to file any opposition to Plaintiffs' *ex*

23   *parte* application no later than October 3, 2013. (*Id.*)  On October 3, 2013, Defendants

24   Truman Capital Advisors, LP, TruCap Grantor Trust 2010-2 and Marix Servicing, LLC

25   (collectively "Truman") filed an opposition. (ECF No. 43.) On October 7, 2013, Defendants

26   Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (collectively "Wells Fargo") filed

27   a joinder to the opposition.  (ECF No. 44.)

28   / / /

1    Having considered the arguments of the parties and the applicable law, and for the

2    reasons set forth herein, the Court **DENIES** Plaintiffs' request for an extension of the

3    discovery cut-off.

4                                    **DISCUSSION**

5    Discovery has been open in this case since October 2012.  On November 1, 2012, the

6    Court issued a Scheduling Order setting, among other things, a June 28, 2013 deadline to

7    complete all discovery.  (ECF No. 29 at ¶ 5.)  On April 30, 2013, in light of Wells Fargo's

8    recent appearance in the action, the Court issued a Modified Scheduling Order in extending

9    the discovery cut-off to October 4, 2013.  (ECF No. 34 at ¶ 5.)

10   On September 27, 2013, Plaintiffs filed their request to continue the discovery cutoff

11   until November 8, 2013.  (ECF No. 40.)  Plaintiffs contend good cause exists for the

12   requested continuance because: (1) Defendants will suffer no prejudice because the requested

13   continuance is very brief and the impact on the proceedings will be minimal; (2) there will

14   be prejudice to Plaintiffs if they cannot complete their discovery; (3) Plaintiffs have acted

15   in good faith; and (4) "extenuating circumstances" justify a brief continuance.   The

16   extenuating circumstances set forth by Plaintiffs are: (1) Plaintiff Gordon Dunfee (who is

17   also representing Plaintiffs in this action) has been acting as a court-appointed receiver to

18   operate the Santee Swap Meet for the past eighteen months which has required constant

19   attention; (2) the receivership ended on September 6, 2013 which required Mr. Dunfee to

20   prepare a Final Account and Report requiring a detailed financial and operational accounting

21   of the last eighteen months; (3) Mr. Dunfee works full time and does not have any support

22   staff; (4) Mr. Dunfee had to assist his elderly parents' relocation to an assisted living facility

23   in September 2013; and (5) Plaintiffs' son was married on September 13, 2013 which

24   required "enormous planning and time."

25   Truman's opposition to Plaintiffs' request contends that the discovery cut-off should

26   not be extended because (1) Plaintiffs failed to properly meet and confer prior to filing their

27   request; (2) Plaintiffs violated the undersigned Magistrate Judge's Civil Chambers Rules by

28   not filing a joint motion for determination of discovery dispute; (3) Plaintiffs have failed to

1    show good cause for a continuance; and (4) Truman will be prejudiced if the discovery cut-

2    off is extended because the dispositive motion filing deadline is set for October 29, 2013, and

3    Truman would be prejudiced by not having sufficient time to assess new discovery prior to

4    filing an anticipated motion for summary judgment.

5           "The decision to modify a scheduling order is within the broad discretion of the

6    district court." *Mondares v. Kaiser Found. Hosp.*, No. 10-CV-2676-BTM(WVG), 2011 U.S.

7    Dist. LEXIS 128413, at *3 (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607

8    (9th Cir. 1992)).  Federal Rule of Civil Procedure 16(b)(4) provides that the Court's

9    scheduling order "may be modified only for good cause and with the judge's consent." FED.

10   R. CIV. P. 16(b)(4).[1]  "Rule 16(b)'s 'good cause' standard primarily considers the diligence

11   of the party seeking the amendment.  The district court may modify the pretrial schedule 'if

12   it cannot reasonably be met despite the diligence of the party seeking the extension.'"

13   *Johnson*, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983

14   amendment)) (citations omitted).  "[C]arelessness is not compatible with a finding of

15   diligence and offers no reason for a grant of relief." *Id.* (citations omitted).  "Although the

16   existence or degree of prejudice to the party opposing the modification might supply

17   additional reasons to deny a motion, the focus of the inquiry is upon the moving party's

18   reasons for seeking modification. *Id.* (citation omitted).  "If that party was not diligent, the

19   inquiry should end." *Id.*; *see also J.K.G. v. Cnty. of San Diego*, No. 11cv0305 JLS(RBB),

20   2012 U.S. Dist. LEXIS 126195, at *3 (S.D. Cal. Sept. 5, 2012) ("The court should not amend

21   a scheduling order that was issued unless the party requesting the modification can show

22   good cause.") (citing FED. R. CIV. P. 16(b)(4)); *Mondares*, 2011 U.S. Dist. LEXIS 128413,

23   at *4 ("If the party seeking modification was not diligent in his or her pretrial preparations,

24   the inquiry should end there and the measure of relief sought from the Court should not be

25   granted.") (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).  "The

26   party seeking to continue or extend the deadlines bears the burden of proving good cause."

27   _____

28        [1] Plaintiffs' discussion about Federal Rule of Civil Procedure 6 and excusable neglect (*see* ECF No. 40 at 8:20-28, 9:11-16) is inapplicable where, as here, a party seeks to modify a court-issued scheduling order.  Such a request is governed by Rule 16(b).

1  *Id.* (citing *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 608).

2    In addressing the diligence requirement, a sister court has noted:

3
4  [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant
   may be required to show the following: (1) that she was diligent in assisting the
   Court in creating a workable Rule 16 order; (2) that her noncompliance with a
5  Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to
   comply, because of the development of matters which could not have been
6  reasonably foreseen or anticipated at the time of the Rule 16 scheduling
   conference; and (3) that she was diligent in seeking amendment of the Rule 16
7  order, once it became apparent that she could not comply with the order.

8  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted); *see also*

9  *Rich v. Shrader*, No. 09-CV-0652-AJB (BGS), 2013 U.S. Dist. LEXIS 98184, at *5-6 (S.D.

10 Cal. July 11, 2013) ("In order to demonstrate good cause, a party must demonstrate its

11 diligence in taking discovery since the case management conference, its diligence in

12 propounding or noticing the particular outstanding discovery, and explain why the parties

13 could not exchange the particular discovery before the discovery cut-off date.").

14    "Allowing parties to disregard the instructions of a scheduling order would undermine

15 the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and

16 reward the indolent and cavalier.  Rule 16 was drafted to prevent this situation." *Sokol*

17 *Holdings, Inc. v. BMB Munai, Inc.*, 05 cv 3749 (KMW)(DCF), 2009 U.S. Dist. LEXIS

18 100478, at *17 (S.D.N.Y. Oct. 28, 2009) (citation omitted) (internal quotation marks

19 omitted).

20    For the reasons stated below, the Court finds that good cause does not exist to extend

21 the discovery cut-off because Plaintiffs have failed to show they have been diligent in

22 seeking discovery from Defendants.

23    First, Plaintiffs have not demonstrated any efforts to obtain discovery from Defendants

24 until the very eve of discovery.[2]  Despite having an entire year to complete discovery,

25

26    [2] Plaintiffs indicate there has been a "continuing discovery dispute" between
   Plaintiffs and Truman regarding the production of documents, and that "Plaintiffs have
27 been asking Truman's counsel for many months for the documents requested by
   Plaintiffs." (ECF No. 40 at 11:22-24.)  However, it is not clear whether Plaintiffs
28 formally served Rule 34 document requests or whether Plaintiffs have been attempting to
   informally obtain the documents.  In any event, any motion to compel production from

1 Plaintiffs waited until September 17, 2013 (seventeen days before the discovery cut-off) to

2 request available dates to conduct depositions of Truman employees.  Further, Plaintiff

3 waited until September 26, 2013 (eight days before the discovery cut-off) to serve any

4 written discovery on Well Fargo or notice the depositions of Truman and Wells Fargo

5 employees.  Waiting until the final two weeks of the discovery period to commence

6 discovery efforts cannot be viewed as having pursued discovery with diligence.  Indeed, the

7 facts presently before the Court bear striking similarity to the situation presented to the

8 Honorable William V. Gallo in *Mondares*.  Judge Gallo stated:

9 Except for the flurry of deposition notices served essentially on the eve of the fact discovery cut-off, Plaintiff has not engaged in any discovery to date.  The

10 deposition notices she served a mere two weeks before the discovery cut-off were her first attempts at any discovery at all.  Essentially, although Plaintiff

11 had the opportunity to conduct discovery [for over five months], she waited until the sixteenth day before the deadline was set to pass before she engaged

12 in any discovery at all.  And then, she bombarded Defendants with multiple depositions notices, two of which contained hundreds of PMK topics.  This sort

13 of delay is the antithesis of diligence, and, besides her own failure to do discovery, Plaintiff provides no reasonable reason why she could not meet the

14 discovery deadline.

15 2011 U.S. Dist. LEXIS 128413, at *7.

16 Second, Plaintiffs have not explained why they did not go forward with depositions

17 on any of the numerous dates and in the locations provided by Truman's counsel.  Indeed,

18 despite Plaintiffs' delay until the close of discovery to even request available dates,

19 Truman's counsel quickly determined availability for multiple out-of-state depositions and

20 provided those dates to Plaintiff.  Notwithstanding the good faith cooperation of Truman's

21 counsel, Plaintiffs selected unavailable dates for the depositions, and they noticed the

22 depositions for San Diego despite being advised of the deponents' out-of-state residency.

23 Third, good cause is not established when a party demonstrates they were preoccupied

24 attending to other matters.  Here, Mr. Dunfee contends he was too busy to engage in

25 discovery because he was working a full-time job as a court-appointed receiver throughout

26 the discovery period, he spent "enormous time" planning his son's September 13, 2013

27 wedding, and he was compelled to help his elderly parents relocate to an assisted living

28

Truman is untimely pursuant to Section IV(C)-(D) of the Court's Civil Chambers Rules.

1  facility last month.  However, as Judge Gallo stated in *Mondares*, "a busy schedule do[es]

2  nothing to advance Plaintiff's burden to show she was diligent in this case.  Quite the

3  contrary, these actually militate against a finding of diligence, as counsel essentially admitted

4  she was not diligent in this case because she was busy litigating other cases."  *Id.* at *6.

5  Similarly, the fact that Mr. Dunfee was preoccupied with other work and personal matters

6  is insufficient to establish diligence and good cause.

7       Furthermore, Mr. Dunfee's busy schedule[3] was known well in advance of the

8  discovery cut-off.  Indeed, Mr. Dunfee has been operating the Santee Swap Meet as a court-

9  appointed receiver since before this action was removed to federal court in August 2012, and

10  his work situation was known both at the time the Court issued its original Scheduling Order

11  on November 1, 2013 and when the Court modified the Scheduling Order on April 30, 2013.

12  At no time prior to the eve of the discovery cut-off did Plaintiffs advise the Court that they

13  would be unable to comply with the established deadlines due to the receivership obligations.

14  Similarly, at no time prior to the eve of the discovery cut-off did Plaintiffs advise the Court

15  that their son's wedding plans would prevent them from conducting discovery in a timely

16  manner, despite Plaintiffs' admission that the wedding required "enormous time and

17  planning."  *See id.* at *8 ("Despite knowing that the discovery cut-off was fast approaching

18  and she had not conducted any discovery, Plaintiff made no attempt to seek an extension

19  before it passed.").

20       Fourth, Plaintiffs' contention that they will be prejudiced if an extension is not granted

21  is unavailing.  "A party who fails to pursue discovery in the face of a court ordered cut-off

22  cannot plead prejudice from his own inaction."  *Rosario v. Livaditis*, 963 F.2d 1013, 1019

23  (7th Cir. 1992).

24       Finally, Plaintiffs failed to adequately meet and confer with counsel for Truman prior

25  to seeking the instant request.  The parties disagree whether Plaintiffs adequately met and

26

27       [3] The Court questions whether Mr. Dunfee's schedule was so busy so as to make
   compliance with the Court's discovery cut-off impossible, particularly in light of
28  Truman's representation that Defendants accommodated Plaintiffs' scheduling conflicts,
   including their summer vacation.

conferred concerning Plaintiffs' request for a continuance of the discovery cut-off.  Based on the record before the Court, it appears Mr. Dunfee met with counsel for Wells Fargo on September 27, 2013 to discuss, among other things, Plaintiffs' request regarding the discovery cut-off.  While this meeting satisfied the meet and confer requirement set forth in Local Civil Rule 26.1  and Section IV(A) of the undersigned Magistrate Judge's Civil Chambers Rules [4] with respect to Wells Fargo, Plaintiffs' efforts were insufficient with respect to Truman.  Although Plaintiffs contend they made a "reasonable effort" to meet and confer with Truman's counsel (*see* ECF No. 40 at 10:7-8), the Court finds that sending an email to Truman's counsel on the morning of the planned meeting with Wells Fargo's counsel is insufficient.  Not only did Plaintiffs provide little more than two hours notice to Truman's counsel, but Plaintiffs made no effort to schedule a mutually convenient time to meet and confer with Truman's counsel prior to filing their request for a discovery extension. *See Brantley v. Borg-Warner Morse Tec, Inc.*, No. 12CV540-GPC(JMA), 2013 U.S. Dist. LEXIS 132275, at *13 (S.D. Cal. Sept. 13, 2013) ("Plaintiff's counsel should have instead, timely and with reasonable notice, convened an 'all party' conference during which Plaintiff's proposal could have been fully and openly discussed by all affected.").

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' request to continue the discovery cut-off.

**IT IS SO ORDERED.**

DATED:  October 11, 2013

DAVID H. BARTICK
United States Magistrate Judge

---

[4] Local Civil Rule 26.1.a states that "[t]he court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues. . . . If counsel have offices in the same county, they are to meet in person."  Section IV(A) of the Court's Civil Chambers Rules contains similar language.